# Exhibit A

**VERNON E. PELTZ**
Attorney at Law
*PMB 351*
*7925A N. Oracle, (mailing)*
*Tucson, AZ 85704-6316*
890 W. Grant Rd., Suite H
Tucson, AZ 85705
(520) 623-5225
(520) 623-5240 (fax)
vpeltzlaw@aol.com
Az. Bar No. 014244/PCC No. 64809
**ATTORNEY FOR PLAINTIFF**

COPY
MAY -9 2011
PATRICIA A NOLAND
CLERK, SUPERIOR COURT

RECEIVED
MAY 2 3 2011
AG/CIV-LMS (TUCSON)

IN THE SUPERIOR COURT OF THE STATE OF ARIZONA

IN AND FOR THE COUNTY OF PIMA

| | |
|---|---|
| AMY HUGHES, a single woman | NO. C20113438 |
| Plaintiff, | COMPLAINT |
| vs. | |
| CORPORAL ANDREW KISELA, 0203; both individually and in his official capacity | Richard E. Gordon |
| Defendant, | |

**COMES NOW** the Plaintiff, Amy Huges, by and through her attorney complaining against Defendant alleges, as follows:

**PARTIES**

I

Plaintiff is a single woman who lives at 832 E. 7th Street in Tucson, Pima County Arizona, and on or about May 21, 2010 she was residing at this address.

II

Amy Hughes was suffering from significant mental disabilities that were, or should have been, obvious to any person. A reasonable person would have noticed, merely by looking at this individual, that she was not a normal individual and that she needed special attention.

III

Defendant Corporal Kisela is an officer with the University of Arizona Police Department

1 | in Tucson Arizona.

### IV

3 | The Defendant Corporal Kisela was at all times relevant herein a duly appointed an acting Corporal for the police department of the University of Arizona.

### V

At all times mentioned here in the Defendant Kisela was acting under color of law, to whit, under the color of the statutes, ordinances, regulations, policies, customs, and usages of the state of Arizona.

### JURISDICTION

### VI

The Plaintiff has satisfied the provisions of Arizona Revised Statues § 12-821.01 by timely serving upon the Defendant a Notice of Claim on November 17, 2010 prior to filing this Complaint. The time of response has passed and the Defendant has not responded to the Notice of Claim.

### VII

The Plaintiff is a resident of Pima County in the state of Arizona.

### VIII

At all times hereinafter set forth, Andrew Kisela was employed as a sworn police officer of the University of Arizona Police Department and was acting within the scope of his duties as an officer of Pima County.

### IX

### COUNT ONE

On or about May 21, 2010, the Plaintiff was lawfully going about her business at her home on the 800 block of North Seventh Street in Tucson, Arizona.

### X

At the time, Corporal Kisela discharged his weapon and shot the Plaintiff.

**XI**

The discharge of the revolver was caused by the negligence of the said Corporal.

**XII**

One or more of the bullets so discharged by Corporal Kisela struck the Plaintiff.

**XIII**

At the time and place aforesaid, Corporal Kisela was acting pursuant to authority given to him by the University of Arizona Police Department and was acting on behalf of the University of Arizona Police Department, and within the scope of his duties.

**XIV**

In so discharging his revolver, the Corporal Kisela committed a willful, unlawful, and intentional assault and battery upon the Plaintiff who was acting peaceably and committing no crime or offense.

**XV**

The said negligence was unnecessary and unwarranted in the performance of Corporal Kisela's duties and constituted an unreasonable, unwarranted and excessive use of force.

**XVI**

As a result of the aforesaid negligence, the plaintiff sustained severe, painful, and permanent injuries, necessitating medical aid and treatment and hospitalization, and sustained severe emotional distress.

**COUNT TWO**

(Civil Rights Violations Pursuant to 42 U.S.C. § 1983)

Plaintiff hereby reallege and incorporate by this reference each and every allegation set forth in Paragraphs I through XVI of this Complaint.

**XVII**

Defendant Corporal Kisela arrived at the premises purportedly to look for a woman who had been stabbing trees with a knife. While standing at the front gate of the Plaintiff's residence

COMPLAINT    Page - 3

1  Defendant Corporal Kisela drew his service revolver and fired at the Plaintiff. The Plaintiff was
2  shot six times; one bullet hit her in the belly, two bullets struck her right hand, and three bullets
3  struck her right leg.

### XVIII

At the time of the shooting Defendant Corporal Kisela possessed non-lethal weapons like a Taser, and he should not have used deadly force in this situation.

### XIX

At the time of the shooting, Plaintiff was not violating any laws, was not attempting to interfere with the Defendant's execution of his duties, was not engaged in any assaulted behavior toward Defendant, and she was not engaged in any assaulted behavior toward her good friend and house mate.

### XX

This shooting by the Defendant was entirely unjustified by any action of the Plaintiff and constituted an unreasonable and excessive use of deadly force.

### XXI

The action alleged above deprive the Plaintiff of the following rights under the United States Constitution:

   a. Freedom from the use of excessive and unreasonable force.
   b. Freedom from a deprivation of liberty without due process of law.
   c. Freedom from summary punishment.

### XXII

Defendant subjected Plaintiff to such deprivations by either malice or reckless disregard of the Plaintiff's rights.

### XXIII

The direct and proximate result of the Defendant's acts is that Plaintiff has suffered severe and permanent injuries. The Plaintiff still suffers from a lot of pain in her right hand, and

1  she can barely use her right hand. The Plaintiff still has significant pain in her stomach,
2  especially when she has to bend down. The Plaintiff now has a mental fear of police and
3  frequent nightmares related to this event. The Plaintiff was forced to endure great pain and
4  mental suffering, and to incur medical and legal expenses, and was deprived of her physical
5  liberty.

6      **WHEREFORE**, Plaintiff prays for judgment against the Defendant in the amount of One
7  Hundred Fifty Thousand Dollars with such punitive or exemplary damages as are appropriate in the
8  premises, together with costs and attorneys' fees, pursuant to 42 U.S.C.A. § 1988, and for such other
9  and further relief as is appropriate in the premises.
10      DATED this 9th day of May, 2011.

_____
Vernon E. Peltz
Attorney for Plaintiff

RECEIVED

MAY 2 3 2011

AG/CIV-LMS (TUCSON)

ARIZONA SUPERIOR COURT, PIMA COUNTY

| AMY HUGHES, a single woman<br><br>Plaintiff,<br><br>vs.<br><br>CORPORAL ANDREW KISELA, 0203;<br>both individually and in his official capacity<br><br>Defendant. | NO. **C20113438**<br><br>CIVIL SUMMONS<br><br>**Richard E. Gordon** |
|---|---|

**THE STATE OF ARIZONA to the above-named Defendant: CORPORAL ANDREW KISELA**

I. A lawsuit has been filed against you.

II. If you do not want a Judgment by default taken against you for the relief demanded in the accompanying Complaint, you must appear and defend by filing an Answer in writing in the Office of the Clerk of the Superior Court, 110 W. Congress, Tucson, AZ 85701, accompanied by the necessary filing fee. A copy of the Answer must also be mailed to the Plaintiff's attorney, whose name appears below.

III. The Answer must be filed within TWENTY DAYS after service upon you, exclusive of the date of service, if served within the State of Arizona, or within THIRTY DAYS after service upon you, exclusive of the date of service, if served outside the State of Arizona.

IV. This is a legal document. If you do not understand its consequences, you should seek the advice of an attorney.

WITNESS My Hand and the Seal of the Superior Court. **PATRICIA A. NOLAN**
CLERK OF THE SUPERIOR COURT

Dated: **MAY - 9 2011**

By _____ Deputy Clerk

**IRENE MASTERS**

ATTORNEY'S NAME, ADDRESS, PHONE:

Vernon E. Peltz
Attorney at Law
7925A N. Oracle Rd., PMB 351, Tucson, AZ 85704 (mailing)
890 W. Grant Rd., Ste. D, Tucson, AZ 85705
(520) 623-5225
PCC No. 64809

REQUESTS FOR REASONABLE ACCOMMODATIONS FOR PERSONS WITH DISABILITIES MUST BE MADE TO THE COURT BY PARTIES AT LEAST THREE (3) WORKING DAYS IN ADVANCE OF A SCHEDULED COURT PROCEEDING.

COPY
MAY - 9 2011
PATRICIA A NOLAND
CLERK, SUPERIOR COURT

RECEIVED
MAY 2 3 2011
AG/CIV-LMS (TUCSON)

**VERNON E. PELTZ**
Attorney at Law
7925A N. Oracle Rd., PMB 351 (mailing)
Tucson, AZ 85704
890 W. Grant Rd., Ste. D
Tucson, AZ 85705
(520) 623-5225
(520) 623-5240 (fax)
Az. Bar No. 014244
PCC No. 64809
ATTORNEY FOR PLAINTIFFS

IN THE SUPERIOR COURT OF THE STATE OF ARIZONA

IN AND FOR THE COUNTY OF PIMA

| | |
|---|---|
| AMY HUGHES, a single woman<br><br>Plaintiff,<br><br>vs.<br><br>CORPORAL ANDREW KISELA, 0203; both individually and in his official capacity<br><br>Defendant. | No. C20113488<br><br>CERTIFICATE OF COMPULSORY ARBITRATION<br><br>Richard E. Gordon |

The Plaintiff, Amy Hughes, by and through her attorney, Vernon E. Peltz, certifies that, pursuant to Rule 72 of the Arizona Rules of Civil Procedure, the award sought by the Complaint, including punitive damages, but excluding interest, attorney's fees, and costs, does exceed $50,000.00. Therefore, this case does exceed the limits set by Pima County Local Rule 3.9 and IS NOT subject to arbitration.

DATED this _____ day of May, 2011.

_____
Vernon E. Peltz, Attorney for Plaintiff

# Exhibit B

Your request is being processed.

 **Case Information**

| | |
|---|---|
| Case Number: | C20113438 |
| File Date: | 5/9/2011 |
| Caption: | AMY HUGHES VS. CORPORAL ANDREW KISELA |
| Judge: | RICHARD E. GORDON |

 **Party Listing**

| Party Full Name | Party Role | Name Type |
|---|---|---|
| AMY HUGHES | Plaintiff | True |
| CORPORAL ANDREW KISELA | Defendant | True |

 **Document Index Listing**

| Document Type | Document SubType | Document Caption | File Date | Image |
|---|---|---|---|---|
| Acceptance | Acceptance Of Service | ACCEPTANCE OF SERVICE | 6/14/2011 | Available |
| Receipt | All Money Receipts | All Money Receipts #1541797 | 5/9/2011 | Available |
| Arbitration | Certificate of Compulsory Arbitration | Certificate of Compulsory Arbitration | 5/9/2011 | Available |
| Open | Petition & Complaint | Petition & Complaint | 5/9/2011 | Available |



```
 1 │ VERNON E. PELTZ
   │ Attorney at Law
 2 │ PMB 351
   │ 7925A N. Oracle, (mailing)
 3 │ Tucson, AZ  85704-6316
   │ 890 W. Grant Rd., Suite H
 4 │ Tucson, AZ  85705
   │ (520) 623-5225
 5 │ (520) 623-5240 (fax)
   │ vpeltzlaw@aol.com
 6 │ Az. Bar No. 014244/PCC No. 64809
   │ ATTORNEY FOR PLAINTIFF
 7
```

FILED
11 JUN 14  AM 11: 14
PATRICIA A. NOLAND
CLERK, SUPERIOR COURT
BY _____ DEPUTY
MATTHEW MCCLENDON

### IN THE SUPERIOR COURT OF THE STATE OF ARIZONA

### IN AND FOR THE COUNTY OF PIMA

| | |
|---|---|
| AMY HUGHES, a single woman | NO. C-20113438 |
| Plaintiff, | ACCEPTANCE OF SERVICE |
| vs. | |
| CORPORAL ANDREW KISELA, 0203; both individually and in his official capacity | |
| Defendant, | |

**COMES NOW** the Plaintiff, Amy Huges, by and through her attorney and submits the Acceptance of Service for the Defendant, Corporal Andrew Kisela.

DATED this 13 day of June, 2011.

_____
Vernon E. Peltz
Attorney for Plaintiff

**WAIVER OF SERVICE OF SUMMONS**

TO:    Vernon E. Peltz, Esq.

I acknowledge receipt of your request that I waive service of summons in the action of Hughes v. Kisela which is case number C20113438 in the Superior Court of the State of Arizona in and for the County of Pima. I also have received a copy of the Complaint in the action, two copies of this document, and a means by which I can return the signed waiver to you without cost to me.

I agree to save the cost of service of the Summons and an additional copy of the Complaint in this lawsuit by not requiring that I be served with judicial process in the manner provided by the Arizona Rules of Civil Procedure.

I will retain all defenses or objections to the lawsuit or to the jurisdiction or venue of the court except for objections based on a defect in the Summons or in the service of the Summons.

I understand that a judgment may be entered against me if an answer or motion under Rule 12 is not served upon you within sixty (60) days after May 10, 2011

Dated this ___ day of May, 2011.

Paul Correa

**DUTY TO AVOID UNNECESSARY COSTS OR SERVICE OF SUMMONS**

Rule 4.1 and Rule 4.2 of the Arizona Rules of Civil Procedure require certain parties to cooperate in saving unnecessary costs of service of summons and complaint. A defendant located in the United States who, after being notified of an action and asked by a plaintiff located in the United States to waive service of a summons, fails to do so, will be required to bear the cost of such service unless good cause be shown for its failure to sign and return the Waiver.

It is not good cause for a failure to waive service that a party believes that the complaint is unfounded, or that the action has been brought in an improper place or in a court that lacks jurisdiction over the subject matter of the action or over its person or property. A party who waives service of summons retains all defenses and objections (except any relating to the Summons or to the service of the Summons), and may later object to the jurisdiction of the court or the place where the action has been brought.

A defendant who waives service must, within the time specified on the waiver form, serve on the plaintiff's attorney a response to the complaint and also must file a signed copy of the response with the court. If the response or motion is not served within this time, a default judgment may be taken against that defendant. By waiving service, a defendant is allowed more time to answer than if the Summons had been actually served when the request for waiver of service was received.