**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Amy Hughes, | No. CV-11-00366-TUC-FRZ |
| Plaintiff, | **ORDER** |
| vs. | |
| Corporal Andrew Kisela, | |
| Defendant. | |

On May 21, 2010, Amy Hughes was shot by Andrew Kisela, a member of the University of Arizona Police Department. Hughes filed suit against Kisela in May 2011. The complaint asserts a state law negligence claim and a federal civil rights claim under 42 U.S.C. § 1983. Doc. 1-3 at 2-6.

Defendant has filed a motion to dismiss the negligence claim pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. Doc. 6. Because the parties have submitted affidavits and other materials outside the pleadings, the motion will be converted to one for summary judgment under Rule 56. *See* Fed. R. Civ. P. 12(d). Defendant also has filed a separate motion for summary judgment on the civil rights claim. Doc. 13. Oral argument has not been requested. For reasons that follow, summary judgment will be granted on the negligence claim and the motion for summary judgment on the civil rights claim will be denied without prejudice.

**I.     Summary Judgment Standard.**

A principle purpose of summary judgment is to dispose of factually or legally unsupported claims. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24 (1986). A party seeking summary judgment "bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact." *Id.* at 323. Summary judgment is appropriate if the evidence, viewed in the light most favorable to the nonmoving party, shows "that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a mater of law." Fed. R. Civ. P. 56(a). Only disputes over facts that might affect the outcome of the suit will preclude the entry of summary judgment, and the disputed evidence must be "such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

**II.    The Negligence Claim.**

Pursuant to Arizona's notice of claim statute, A.R.S. § 12-821.01(A), a person who asserts a claim against a public employee must, within 180 days after the claim accrues, give notice of the claim to the employee individually. *See Harris v. Cochise Health Sys.*, 160 P.3d 223, 230 (Ariz. Ct. App. 2007). This requirement is met only where the notice is actually delivered to the employee personally or to a person authorized to accept service for the employee. *See Norby v. City of Tombstone*, No. CIV 07-232-TUC-CKJ, 2008 WL 5068835, at *3 (D. Ariz. Dec. 1, 2008). Actual delivery may be accomplished through the regular mail, and proof of proper mailing is evidence that the public employee actually received the notice. *See Lee v. State*, 182 P.3d 1169, 1173 (Ariz. 2008).

Defendant has submitted an affidavit stating that he never was served with a notice of claim personally and never received one by way of mail. Doc. 6-1. Plaintiff does not dispute that no notice has been personally served on or otherwise delivered to Defendant individually. Plaintiff asserts that she nonetheless has complied with A.R.S. § 12-821.01(A) because a copy of the claim letter was mailed to Defendant "in care of the University of Arizona Police Department." Doc. 7-2.

1       Arizona courts have made clear that "[w]hen a person asserts claims against a public
2 entity and public employee, the person 'must give notice of the claim to *both* the employee
3 individually and to his employer.'" *Harris*, 160 P.3d at 231 (quoting *Crum v. Super. Ct.*, 922
4 P.2d 316, 317 (Ariz. Ct. App. 1996)). Plaintiff's mailing of the claim letter to the University
5 of Arizona Police Department may constitute sufficient notice to that public entity, but the
6 mailing cannot also be deemed actual delivery of a notice of claim to Defendant *individually*.
7 This is particularly true given that the letter itself purports to be a "NOTICE OF CLAIM
8 AGAINST A PUBLIC ENTITY" and makes clear that Plaintiff's claim for excessive force
9 was being asserted not against Defendant individually, but "against [the] University of
10 Arizona Police Department." Doc. 7-1 at 2 (capitalization in original).

11       Plaintiff has presented evidence showing that the claim letter has been served on the
12 University of Arizona Police Department by leaving a copy of the letter with the University's
13 attorney. Doc. 7-1. Citing Rule 4.1(j) of the Arizona Rules of Civil Procedure, Plaintiff
14 contends that by serving the claim letter on the University's attorney, she has served the
15 "appropriate legal officer for Defendant." Doc. 7 at 4. Rule 4.1(j), by its express terms,
16 "applies only to service of governmental entities." *Gregory v. Harris*, No. CV11-0372 PHX
17 DGC, 2011 WL 6205902, at *2 (D. Ariz. Dec. 13, 2011); *see Simon v. Maricopa Med. Ctr.*,
18 234 P.3d 623, 631 (Ariz. Ct. App. 2010). Moreover, Plaintiff presents no evidence or legal
19 authority showing that the attorney served with the claim letter is authorized to accept service
20 on behalf of Defendant.

21       Plaintiff's reliance on *Lee* is misplaced. The negligence claim in *Lee*, unlike the one
22 in this case, was brought solely against the State of Arizona. The plaintiff presented
23 evidence showing that a notice of claim had been properly mailed to the attorney general –
24 the person duly authorized to accept service for the State, *see* Ariz. R. Civ. P. 4.1(h).
25 *Lee*, 182 P.3d at 1173. Under the "mail delivery rule," there is "a presumption that a 'letter
26 properly addressed, stamped and deposited in the United States mail will reach the
27 addressee.'" *Id.* at 1171 (citation omitted). Given this presumption, the plaintiff's proof of
28 proper mailing to the attorney general was sufficient to create a triable issue as to whether

1 the State actually received the notice of claim. *Id.* at 1173.

2 The presumption of actual receipt under the mail delivery rule is available only where the plaintiff presents "proof of proper mailing – timely sent, correctly addressed, and postage paid[.]" *Id.* The claim letter in this case is addressed not to Defendant personally, but to the University of Arizona Police Department. Doc. 7-1 at 2. Because the claim letter is not correctly addressed, Plaintiff is entitled to no presumption under *Lee* that Defendant actually received the letter.

"[S]trict compliance with A.R.S. § 12-821.01(A) is required and substantial compliance is insufficient." *Simon*, 234 P.3d at 630. The evidence, even when construed in Plaintiff's favor, does not support a finding that she actually delivered a notice of claim to Defendant, individually. Because compliance with the notice of claim statute is a "mandatory" and "essential" prerequisite to suit, *Harris*, 160 P.3d at 230, the Court will grant summary judgment on the negligence claim (count one). *See Simon*, 234 P.3d at 632 (affirming summary judgment in favor of individual police officers where the plaintiff did not strictly comply with the statutory requirement that notice of the claim be personally delivered to each officer).

### III.    The Federal Civil Rights Claim.

Defendant seeks summary judgment on the § 1983 excessive force claim on the grounds that his use of a firearm was reasonable and he otherwise is entitled to qualified immunity. Doc. 13. In support of his motion for summary judgment, Defendant has submitted a photograph of the knife Plaintiff allegedly was carrying on the day in question, transcripts of witness and police officer interviews, and a written review of the incident by the county attorney's office. Doc. 14-1. Plaintiff has not responded to the motion on the merits. Instead, pursuant to Rule 56(c)(2), Plaintiff objects on the ground that the documents submitted by Defendant lack foundation and contain hearsay and, therefore, "cannot be presented in a form that would be admissible in evidence." Doc. 15 at 3.

Under Rule 901(a) of the Federal Rules of Evidence, an item is admissible only where the proponent "produce[s] evidence sufficient to support a finding that the item is what the

proponent claims it is." This Circuit "'has consistently held that documents which have not had a proper foundation laid to authenticate them cannot support a motion for summary judgment.'" *Cristobal v. Siegel*, 26 F.3d 1488, 1494 (9th Cir. 1994) (citations omitted); *see Orr v. Bank of Am., NT & SA*, 285 F.3d 764, 773 (9th Cir. 2002). When Defendant filed his motion for summary judgment, he presented no evidence or argument to authenticate the documents attached to his supporting statement of facts. Thus, Plaintiff's objection was, to some extent, proper.

It is worth noting, however, that contrary to Plaintiff's assertion (Doc. 15 at 2-3), an affidavit based on personal knowledge is not the sole means by which a document may be authenticated. *See* Fed. R. Evid. 901(b); *Las Vegas Sands, LLC v. Nehme*, 632 F.3d 526, 533 (9th Cir. 2011) (citing *Orr*, 285 F.3d at 773). For example, under Rule 901(b)(4), the document's appearance, contents, or substance, "taken together with all the circumstances," may suffice to authenticate the document. Moreover, "the evidence presented at the summary judgment stage does not yet need to be in a form that would be admissible at trial," but rather, the proponent need only "set out facts that it will be able to prove through admissible evidence." *Norse v. City of Santa Cruz*, 629 F.3d 966, 973 (9th Cir. 2010).

Given that Plaintiff has objected to evidence rather than responding to the motion for summary judgment on the merits, and because discovery has not been conducted, the Court will exercise its discretion and deny the motion without prejudice. *See* Fed. R. Civ. P. 56(e)(4) (providing that the court may issue any "appropriate order" where a party has failed to properly support an assertion of fact or address another party's assertion of fact); *Nat'l Union Fire Ins. Co. of Pittsburgh, PA v. Donaldson Co., Inc.*, No. 10-4948 (JRT/AJB), 2012 WL 1072329, at *11 (D. Minn. Mar. 30, 2012) (noting that a court may "deny a motion for summary judgment if a party has not yet had the opportunity to present facts essential to justify its opposition").

Even if Plaintiff has a tenable basis for her objection, Defendant argues, summary judgment would still be appropriate on the basis of qualified immunity because Plaintiff has alleged no facts establishing the violation of a clearly-established constitutional right.

Doc. 16 at 2-3. The Court does not agree.

The complaint alleges that Plaintiff suffers from significant and obvious mental disabilities, that at the time of the shooting she was acting peaceably and committing no crime, and that Defendant used excessive force when he shot her multiple times. Doc. 1-3 at 2-6. Accepting those allegations as true, as is required at this stage of the proceedings (*see* Doc. 16 at 2), the Court finds that Plaintiff's constitutional right in this case – that is, the Fourth Amendment right to be free from unreasonable seizure – was clearly established when Defendant shot her. Stated differently, it should have been clear to any reasonable officer that, under circumstances alleged in the complaint, "firing at [Plaintiff] was objectively unreasonable." *Deorle v. Rutherford*, 272 F.3d 1272, 1285 (9th Cir. 2001).

The Court recognizes that Defendant has presented facts that, at the time of the shooting, Plaintiff was armed with a knife, posed a threat to her neighbor, and ignored the police officers' warnings. Doc. 14-1. But those facts, to the extent they can be presented through admissible evidence, should be considered at trial or as part of a fully briefed summary judgment motion after Plaintiff has had an opportunity to conduct discovery.

In summary, the Court will deny without prejudice the motion for summary judgment on the § 1983 civil rights claim (count two).

**IT IS ORDERED:**

1. Defendant's motion to dismiss the negligence claim (Doc. 6), which has been converted to a motion for summary judgment, is **granted**.

2. Defendant's motion for summary judgment on the civil rights claim (Doc. 13) is **denied** without prejudice.

DATED this 8th day of May, 2012.

Frank R. Zapata
Senior United States District Judge